IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SWIPE INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>NCR CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 9:12-CV-205<br><br>ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Swipe Innovations, LLC ("Swipe") files this Original Complaint against the above-named defendant, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1. Swipe is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Houston, Texas.

2. Defendant NCR Corporation ("NCR") is a corporation organized under the laws of Maryland with a principal place of business in Duluth, Georgia. NCR can be served via its registered agent for service of process: CT Corp System; 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendant has transacted business in this district and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute, due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,351,296

6. On September 27, 1994, United States Patent No. 5,351,296 ("the 296 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Financial Transmission System."

7. Swipe is the owner of the 296 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 296 patent against infringers, and to collect damages for all relevant times.

8. NCR, either alone and/or in conjunction with others, including its customers and/or suppliers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale payment terminal products and/or systems (including at least the following model: NCR 5993) that infringed one or more claims of the 296 patent.

9. NCR is accused of infringing the 296 patent both directly and indirectly with respect to the Accused Products and Accused Services (as defined herein).

10.     The accused products include payment systems with encrypting PIN pads (including payment terminals incorporating PIN pads), that can perform financial transactions over a communication network in conjunction with a telephone ("Accused Products").

11.     An example of an Accused Product that is a payment terminal incorporating a PIN pad is the NCR 5993:



Source: http://www.info.ncr.com/eDownload.cfm?itemid=052270008

12.     The Accused Products perform financial transactions as part of processes that encrypt, transmit, and decrypt financial account data (e.g., PINs) following the

Derived Unique Key Per Transaction ("DUKPT") method. The devices are particularly useful in performing financial transactions involving secret account codes, such as PIN debit transactions. The services that involve the use of the Accused Products to carry out such financial transactions are referred to as the "Accused Services."

13. DUKPT is a key management method approved by the Payment Card Industry ("PCI") Security Standards Council for secure financial transactions. It incorporates a standard administered by American National Standards Institute ("ANSI") and described in ANSI X9.24 Part 1, titled "Retail Financial Services Symmetric Key Management." The Accused Products have been specially approved under PCI specifications, or their equivalent, to perform financial transactions in accordance with the DUKPT standard.

14. NCR, either alone and/or in conjunction with others, including its customers and/or suppliers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale payment terminal products and/or systems (including at least the following model: NCR 5993)

15. NCR's infringement was willful at least from the filing date and/or service date of this complaint against it for infringement of the 296 patent.

16. NCR's customers and/or suppliers directly made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale payment terminal products and/or systems (including at least the following model: NCR 5993)

17. NCR induced and/or contributed to infringement of the 296 patent by its customers and/or suppliers.

18. NCR took active steps, directly and/or through contractual relationships with others, to cause infringement with both knowledge of the 296 patent and the specific intent to cause its customers and/or suppliers (e.g., merchants, third-party manufacturers) to make, use, sell, import, or otherwise provide the Accused Products and/or perform the Accused Services in a manner that infringed the 296 Patent. Such steps by NCR included, among other things, advising or directing its customers and/or suppliers to make, use, sell, or import the Accused Products or perform the Accused Services in an infringing manner; advertising and promoting the use of the Accused Products or performance of the Accused Services in an infringing manner; and/or distributing instructions that guide users to use the Accused Products or to perform the Accused Services in an infringing manner.

19. The Accused Products contain hardware and software components that are especially designed to be used in conjunction with other devices or systems that may not be provided by NCR. These other devices or systems may include: key loading devices; point of sale terminals and cash registers; host security modules/hardware security modules; and computers operated by front-end networks, acquirers, intermediate switches, debit networks, card issuers, and others. To the extent NCR does not provide these other devices and systems, it takes active steps, directly and/or through contractual relationships, to cause infringement by its customers and/or suppliers, including, among other things, advising or directing others to integrate such other devices and systems with Accused Products; advertising and promoting the use by others of the Accused Products with such other devices and systems; and distributing instructions that guide users to integrate the Accused Products with such other devices and systems.

20. The Accused Products have hardware and/or software components that are especially designed to be used with such other devices and systems in carrying out DUKPT transactions, as shown by the fact that the Accused Products were separately tested for and approved for use with the DUKPT standard, actions required by PCI guidelines.  These components in the Accused Products constitute a material part of the invention of one or more asserted claims of the 296 patent and are not staple articles of commerce suitable for substantial non-infringing use.   These distinct and separate components are used only to perform the DUKPT key management method and not any other key management method approved for use in financial transactions involving PIN data transmission by PCI or similar organizations.

21. For the reasons stated above, NCR infringes the 296 patent both directly and indirectly.

22. Swipe has been damaged as a result of the infringing conduct by defendant alleged above and, thus, such defendant is liable to Swipe in an amount that adequately compensates it for defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Swipe hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Swipe requests that the Court find in its favor and against defendant, and that the Court grant Swipe the following relief:

a. Judgment that one or more claims of the 296 patent have been directly

and/or indirectly infringed, either literally and/or under the doctrine of equivalents, by defendant and/or by others acting in concert therewith;

  b. A permanent injunction enjoining defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 296 patent;

  c. Judgment that defendant account for and pay to Swipe all damages to and costs incurred by Swipe because of defendant' infringing activities and other conduct complained of herein, including, under 35 U.S.C. § 284, enhanced damages for willful infringement at least as of the date of the filing and/or service of this complaint, by which time the defendant undoubtedly has knowledge of the patent-in-suit;

  d. That Swipe be granted pre-judgment and post-judgment interest on the damages caused by defendant's infringing activities and other conduct complained of herein;

  e. That this Court declare this an exceptional case and award Swipe its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  f. That Swipe be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 4, 2012      Respectfully submitted,

              <u>/s/ Larry D. Thompson, Jr.</u>
              Larry D. Thompson, Jr. (lead attorney)
              Texas Bar No. 24051428
              larry@ahtlawfirm.com
              Matthew J. Antonelli
              Texas Bar No. 24068432
              matt@ahtlawfirm.com
              Zachariah S. Harrington
              Texas Bar No. 24057886
              zac@ahtlawfirm.com

ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Swipe Innovations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Larry D. Thompson, Jr.
Larry D. Thompson, Jr.