IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SWIPE INNOVATIONS, LLC,

    Plaintiff,

       v.

NCR CORPORATION,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-2219-TWT

OPINION AND ORDER

This is a patent infringement suit concerning electronic payment terminals. It is before the Court on the Defendant NCR Corporation's Motion to Dismiss [Doc. 20]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 20] is GRANTED in part and DENIED in part.

I. Background

Consumers are increasingly using electronic payment terminals when purchasing goods. The customer will typically swipe a payment card through the terminal and enter a personal identification number. The financial information is then transmitted for verification and a response is sent back to the terminal. There are many types of payment terminals, and many methods by which payment information

can be transmitted.  One such terminal and its method for transmitting financial information is the subject of this litigation.  The Defendant sells the Ingenico eN-Touch 1000 payment terminal.  (Am. Compl. ¶ 8.)  This uses the Derived Unique Key Per Transaction ("DUKPT") method for encrypting and transmitting financial information.  (Am. Compl. ¶ 12.)  It allegedly infringes the Plaintiff's patent -- United States Patent No. 5,351,296 ("296 Patent").[1]  (Am. Compl. ¶¶ 7, 10, 12.)  The Plaintiff asserts claims against the Defendant for direct infringement, induced infringement, and contributory infringement.  The Plaintiff also seeks enhanced damages on the grounds that the direct infringement was willful.  The Defendant moves to dismiss.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In

---

[1] The 296 Patent was issued on September 27, 1994, by the United States Patent and Trademark Office. (Am. Compl. ¶ 6.) It was titled "Financial Transmission System." (Id.) The 296 Patent contains 49 claims. U.S. Patent No. 5,351,296 (filed Mar. 29, 1993).

ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

## III. Discussion

### A. Direct Infringement

"[W]hoever without authority . . . uses, offers to sell, or sells any patented invention . . . during the term of the patent . . . infringes the patent." 35 U.S.C. § 271(a). There is no scienter requirement under section 271(a). In re Seagate Technology, LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007) ("[P]atent infringement is a strict liability offense."). The Plaintiff claims that the Defendant is liable for direct infringement because it offers to sell and sells an infringing payment terminal: the

eN-Touch 1000. (Am. Compl. ¶¶ 8-9.) The Plaintiff has sufficiently plead a direct infringement claim.

The Plaintiff also seeks enhanced damages.  This requires a showing of willfulness.  To establish willful infringement, the Plaintiff must satisfy two elements. First, it must "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate, 497 F.3d at 1371.  The Defendant's "state of mind . . . is not relevant to this objective inquiry." Id.  If this element is satisfied, the Plaintiff must then show that "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." Id.  The Defendant must have been aware of the patent. See i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 860 (Fed. Cir. 2010) ("Infringement is willful when the infringer was aware of the asserted patent . . .."); Brandywine Commc'ns Technologies, LLC v. T-Mobile USA, Inc., 904 F. Supp. 2d 1260, 1272-73 (M.D. Fla. 2012) ("In order to willfully infringe a patent, the alleged infringer must know of the patent.").

Here, the Plaintiff alleges that the Defendant's infringement has been willful from the time it was notified of the 296 Patent through service of the Complaint. (Am. Compl. ¶ 15.)  This does not entitle the Plaintiff to enhanced damages.  "[A] willfulness claim asserted in the original complaint must necessarily be grounded

exclusively in the accused infringer's *pre-filing conduct* . . . when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction." Id. at 1374 (emphasis added).  "[A] patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages solely on the infringer's post-filing conduct." Id.  Finding post-filing willfulness to be sufficient could result in enhanced damages in *every* patent infringement suit.  See Vasudevan Software, Inc. v. TIBCO Software Inc., C 11-06638 RS, 2012 WL 1831543, at *5 (N.D. Cal. May 18, 2012) ("[T]he claim might still be viable if willfulness could be inferred based on the filing of this suit alone. . . .To permit [the plaintiff] to proceed in this fashion would invite claims of willfulness in every patent suit, as a matter of course, and regardless of the facts.").  Thus, the Plaintiff may pursue its direct infringement claim, but it may not seek enhanced damages.[2]

---

[2] The Plaintiff quotes a portion of In re Seagate that reads: "[W]hether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case." In re Seagate, 497 F.3d at 1374. The Federal Circuit, however, was discussing the circumstance where a plaintiff sought and was denied a preliminary injunction. See id. It concluded that this denial would typically, but not always, foreclose a finding of post-filing willful infringement. See id. ("A substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct. We also recognize that in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of success on the merits, such as when the remaining factors are considered and balanced.").

B. Induced Infringement

The Plaintiff claims that the Defendant induced and is continuing to induce the use of infringing products (eN-Touch 1000) and the performance of infringing services (financial transactions using the patented method). (Am. Compl. ¶ 18.) "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). There is both an intent requirement and a knowledge requirement. See Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1303-04 (Fed. Cir. 2012) ("To support a finding of inducement under § 271(b), the accused infringer must have knowingly and intentionally induced another party's direct infringement."). The Defendant must have intended to cause the acts which constitute infringement. See Commil USA, LLC v. Cisco Systems, Inc., 720 F.3d 1361, 1366-67 (Fed. Cir. 2013). The Defendant must also have known that the patent existed, and that the induced act(s) infringed upon that patent. See Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under [section 271(b)] requires knowledge that the induced acts constitute patent infringement.").

The Plaintiff alleges that the Defendant induced its customers and suppliers to directly infringe the 296 Patent. (Am. Compl. ¶ 18.) The Plaintiff alleges that the Defendant did so by (1) advising or directing them to make, use, sell, or import the infringing products or perform the infringing transactions, (2) advertising and

promoting the use of the infringing products and performance of the infringing transactions, and (3) distributing instructions for using the infringing products and performing the infringing transactions. (Am. Compl. ¶ 18.) To satisfy the knowledge requirement, the Plaintiff asserts that the Defendant induced the infringing acts "with both knowledge of the 296 patent and the specific intent to cause its customers and/or suppliers" to infringe the 296 Patent. (Am. Compl. ¶ 18.) The Plaintiff also argues that, at minimum, the Defendant had the requisite knowledge from the time it was notified of this action. (Am. Compl. ¶ 15; Pl.'s Resp. to Mot. to Dismiss, at 2.)

The Defendant first argues that the Plaintiff has not identified an underlying direct infringer. (Mot. to Dismiss, at 4.) The Plaintiff alleges that the Defendant's "customers and/or suppliers" are the direct infringers. (Am. Compl. ¶¶ 14, 16- 17.) Greater specificity is not required at this stage. See In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."). The Defendant then argues that the Plaintiff has not specified which claims in the 296 Patent are allegedly being infringed. (Mot. to Dismiss, at 4.) But this is also not required at the pleading stage. See In re Bill of Lading, 681 F.3d at 1335 ("[A] plaintiff need not even identify which claims it asserts are being

infringed."). In fact, the local patent rules require this level of disclosure "within thirty (30) days after filing of the Joint Preliminary Report and Discovery Plan." Patent L.R. 4.4(a); see also CBT Flint Partners, LLC v. Goodmail Sys., Inc., 529 F. Supp. 2d 1376, 1380-81 (N.D. Ga. 2007) (citing Patent L.R. 4.1(b)). It would be redundant, and thus inconsistent with the local rules, to construe the pleading requirements as requiring this level of detail any earlier.

The Defendant finally argues that there is no plausible allegation that the Defendant had the requisite knowledge before the Plaintiff filed suit, and that post-filing knowledge is insufficient. The Court agrees with the former, but not the latter. The Amended Complaint only includes a bare allegation that the Defendant knew of the 296 Patent before this action and also knew that its customers' use of the eN-Touch 1000 constituted infringement.  (Am. Compl. ¶ 18) ("NCR took active steps . . . to cause infringement with both knowledge of the 296 patent and the specific intent to cause [the infringing acts].") Without supporting facts, this assertion amounts to speculation that cannot survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Additional factual matter is required such as an allegation that the defendant received prior notice of the patent. See In re Bill of Lading, 681 F.3d at 1341 ("[T]he complaint

alleges that [the defendant] . . . received a case and desist letter making it aware of the #078 patent."). However, the Plaintiff's allegation that the Defendant had the requisite knowledge post-filing is sufficient. See id. at 1344-45 (The plaintiff sufficiently plead indirect infringement claims when it alleged that the defendants ACS, Intermec, and Microdea were aware of the patent at least from the time they were served with the complaint.). The reason for permitting an indirect infringement claim based on post-filing knowledge was summarized by the Eastern District of Virginia:

> [A] majority of district courts considering this issue have held that post-suit knowledge (i.e., knowledge provided by the filing of the lawsuit) satisfies the knowledge element for indirect infringement. . . .There is simply no substantive difference between (i) a putative infringer learning of a patent from a plaintiff's letter a day, or hours or even minutes before an infringement suit is filed or served, and (ii) a putative infringer learning of the patent from the filing or service of a complaint. In both instances, the putative infringer learns of the existence of the patent and for purposes of satisfying the knowledge required to establish indirect infringement, it is immaterial how the putative infringer gains this knowledge.

Rembrandt Soc. Media, LP v. Facebook, Inc., 1:13CV158, 2013 WL 2950342, at *4 (E.D. Va. June 12, 2013). The Plaintiff has stated a valid claim for induced infringement, but may only recover for the acts that have occurred post-filing. See id., at *5 ("[T]here is an important consequence of relying on the filing and service of the infringement suit to satisfy the knowledge requirement to establish indirect infringement: Plaintiff may only recover damages for indirect infringement for the period of time that commences once the putative infringer learns of the patent.").

C. Contributory Infringement

The Plaintiff claims that the Defendant is liable for contributory infringement. Specifically, the Plaintiff alleges that components of the eN-Touch 1000 can be integrated with other devices to perform the infringing transaction method. (Am. Compl. ¶¶ 19-20.) "To hold a component supplier liable for contributory infringement, a patent holder must show, inter alia, that [1] the supplier's product was used to commit acts of direct infringement; [2] the product's use constituted a material part of the invention; [3] the supplier knew its product was especially made or especially adapted for use in an infringement of the patent; and [4] the product is not a staple article or commodity of commerce suitable for substantial noninfringing use." Arris Grp., Inc. v. British Telecommunications PLC, 639 F.3d 1368, 1376 (Fed. Cir. 2011) (internal quotation marks omitted); see also 35 U.S.C. § 271(c). As with induced infringement, the Defendant must have known that the combination that its product was incorporated into was patented and infringing. Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 488 (1964) ("[Section 271(c)] does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing.").

To satisfy the contributory infringement elements, the Plaintiff alleges that (1) the eN-Touch 1000 has been used and is still being used to perform financial

transactions that directly infringe the 296 Patent; (2) the eN-Touch 1000 enables this financial transaction, making it a "material part"; (3) the Defendant knew that the eN-Touch 1000 was especially adapted to perform the infringing transaction method; and (4) the eN-Touch 1000 is not a staple article capable of substantial non-infringing uses. (Am. Compl. ¶ 20.) To satisfy the knowledge requirement, the Plaintiff relies on the same allegations used for its induced infringement claim.

The Defendant argues that there is no allegation that the eN-Touch 1000 lacks a substantial non-infringing use. The Amended Complaint includes this allegation verbatim. (Am. Compl. ¶ 20) ("These components in the Accused Products . . . are not staple articles of commerce suitable for substantial non-infringing use."). To show plausibility, the Plaintiff further alleges that the eN-Touch 1000 was especially designed to carry out DUKPT transactions. (Am. Compl. ¶ 20) ("[T]he Accused Products were separately tested for and approved for use with the DUKPT standard, actions required by PCI guidelines or their equivalent . . . [t]hese distinct and separate components are used only to perform the DUKPT key management method and not any other key management method approved for use in financial transactions involving PIN data transmission . . ..."). The Defendant then reiterates its argument that the Plaintiff has not sufficiently alleged pre-filing knowledge. Because contributory and induced infringement share the same knowledge requirement, the

Court's conclusion in the induced infringement analysis applies equally here. The Plaintiff may proceed with its contributory infringement claim, but recovery is limited to the infringing acts that have occurred post-filing.

IV. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS in part and DENIES in part the Defendant NCR Corporation's Motion to Dismiss [Doc. 20].

SO ORDERED, this 18 day of November, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge