# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SWIPE INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NCR CORPORATION, <br><br> Defendant. | CASE NO. 1:13-cv-2219-TWT <br><br> Jury Trial Demanded |

## DEFENDANT NCR CORPORATION'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO SWIPE INNOVATIONS LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant NCR Corporation ("NCR") responds to Plaintiff Swipe Innovations, LLC's, ("Swipe") First Amended Complaint for Patent Infringement ("Complaint") as follows:

## PARTIES

1. NCR does not have knowledge or information sufficient to admit or deny the averments contained in Paragraph 1 of the Complaint, and therefore denies them.

2. NCR admits that it is a corporation organized under the laws of Maryland with its principal place of business at 3097 Satellite Blvd Duluth, GA 30096. NCR admits that it can be served via its registered agent

for service of process in Texas; CT Corp System; 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

3. NCR admits that this court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a), but denies the factual bases for and the legal sufficiency of Plaintiff's claims and allegations.

4. NCR admits that venue is proper in the Northern District of Georgia. NCR further admits that is has conducted business in the Northern District of Georgia. NCR denies all remaining allegations in Paragraph 4.

5. NCR admits that it is subject to this Court's jurisdiction. NCR further admits that conducts business in the Northern District of Georgia as well as the Eastern District of Texas. NCR denies all remaining allegations in Paragraph 5.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,351,296

6. NCR admits that U.S. Patent No. 5,351,296 ("the '296 patent") was issued on September 27, 1994 and was titled "Financial Transmission System." NCR does not have knowledge or information

sufficient to admit or deny the remaining allegations of Paragraph 6, and so denies them.

7. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 7, and so denies them.

8. Denied.

9. Denied.

10. Paragraph 10 is a legal conclusion and subjective recitation of the "Accused Products" under Plaintiff's theory of infringement, to which no response is required. NCR denies infringing the '296 Patent directly or indirectly. NCR denies the remaining allegations of Paragraph 10.

11. Denied.

12. Paragraph 12 is a legal conclusion and subjective recitation of the "Accused Services" under Plaintiff's theory of infringement, to which no response is required. NCR denies infringing the '296 Patent directly or indirectly. NCR denies the remaining allegations of Paragraph 12.

13. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 13, and so denies them.

14. NCR admits that it is licensed to sell and offer to sell Ingenico eN-Touch 1000 payment terminals upon information and belief

through a license granted by Plaintiff to Ingenico, and that any sale of offer for sale of such payment terminals was authorized. NCR denies the remaining allegations of Paragraph 14.

15. Denied.

16. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 16, and so denies them.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## DEMAND FOR JURY TRIAL

NCR admits that Plaintiff request a trial by jury on all issues so triable, and NCR hereby also requests a trial by jury pursuant to Rule 38 of the Federal Rules of Procedure.

## GENERAL DENIAL

Except as expressly admitted herein, NCR denies each and every allegation contained in Plaintiff's Complaint.

# PLAINTIFF'S PRAYER FOR RELIEF

1. NCR denies that it has infringed, directly and/or indirectly, any valid and enforceable claim of the '296 Patent;

2. NCR denies that Plaintiff is entitled to an injunction against NCR or its respective officers, director, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, or any other party acting with NCR for any purported infringement of the '296 Patent;

3. NCR denies that Plaintiff has been damaged by NCR for any purported infringement of the '296 Patent, and denies that Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 for willful infringement for any period;

4. NCR denies that Plaintiff is entitled to pre-judgment and post-judgment interest on any purported damages;

5. NCR denies that this is an exceptional case and that Plaintiff should be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

6. NCR denies that Plaintiff is entitled to any relief.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, NCR asserts the following defenses to Plaintiff's Complaint:

### FIRST DEFENSE
### (Exhaustion by License)

1. Plaintiff's claims are barred by the doctrine of exhaustion by license. The Amended Complaint identifies only a single Accused Product, the eN-Touch 1000 terminal. The eN-Touch 1000 terminal is manufactured by Ingenico and is covered by Ingenico's license to the '296 Patent. Plaintiff's ability to assert the '296 Patent against any NCR sale of the eN-Touch 1000 terminal is thus exhausted.

### SECOND DEFENSE
### (Failure to State a Claim)

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted against NCR. The Amended Complaint identifies only a single Accused Product, the eN-Touch 1000 terminal. The eN-Touch 1000 terminal is manufactured by Ingenico and is covered by Ingenico's license to the '296 Patent. The Amended Complaint lists no unlicensed, potentially

infringing products, and therefore fails to state a claim for which relief can be granted.

**THIRD DEFENSE**
**(Noninfringement)**

3. NCR has not infringed and does not infringe the '296 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents

**FOURTH DEFENSE**
**(Invalidity)**

4. The '296 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

**FIFTH DEFENSE**
**(Prosecution History Estoppel)**

5. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the '296 Patent under the doctrine of equivalents.

## SIXTH DEFENSE
### (Laches or Prosecution Laches)

6. Plaintiff's claims are barred in whole or in part by the doctrine of laches or the doctrine of prosecution laches.

## SEVENTH DEFENSE
### (Waiver)

7. Plaintiff's claims are barred in whole or in part by waiver.

## EIGTH DEFENSE
### (Estoppel)

8. Plaintiff's claims are barred in whole or in part by estoppel.

## NINTH DEFENSE
### (Adequate Remedy at Law)

9. Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate, irreparable, and Plaintiff has an adequate remedy at law.

## TENTH DEFENSE
### (Limitations on Damages)

10. Plaintiff's claims for damages, if any, against NCR are statutorily limited by 35 U.S.C. § 287.

## ELEVENTH DEFENSE
### (Costs Barred)

11. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## TWELFTH DEFENSE
### (Lack of Standing)

12. Plaintiff does not have standing to bring an action for infringement of the '296 Patent under the Patent laws of the United States.

## THIRTEENTH DEFENSE
### (No Exceptional Case)

13. Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against NCR pursuant to 35 U.S.C. § 285.

14. NCR reserves any and all rights to amend its Answer and Defenses to Plaintiff's Complaint and to add additional defenses as they become apparent.

## COUNTERCLAIMS OF NCR

Defendant/Counterclaimant NCR Corporation ("NCR") asserts the following counterclaims against Plaintiff/Counterdefendant Swipe Innovations, LLC, ("Swipe"):

## NATURE AND BASIS OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. NCR requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 5,351,296 (the "'296 Patent"); and (ii) the '296 Patent is invalid.

## THE PARTIES, JURISDICTION, AND VENUE

2. NCR is a corporation organized under the laws of Maryland with a principal place of business at 3097 Satellite Blvd Duluth, Ga. 30096.

3. On information and belief, Swipe is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Houston, Texas.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This court has personal jurisdiction over Swipe by virtue of Plaintiff's submission to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, and 1400(b).

7. Upon Information and belief, Swipe purports to be the owner of the '296 Patent, entitled "Financial Transmission System."

8. Swipe has alleged that the '296 Patent was legally issued by the United States Patent and Trademark Office on September 27, 1994.

9. NCR does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '296 Patent.

10. Upon information and belief, all claims of the '296 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### COUNTERCLAIM I
**(Declaratory Judgment of Non-Infringement)**

11. NCR realleges and reincorporates the allegations of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

12. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning NCR's non-infringement of the claims of the '296 Patent.

13. NCR is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '296 Patent.

**COUNTERCLAIM II**
**(Declaratory Judgment of Invalidity of the Patent-in-Suit)**

14. NCR realleges and reincorporates the allegations of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

15. There is an actual and justiciable controversy between the parties concerning the validity of the patent asserted against NCR for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

16. NCR is entitled to a judicial declaration and order that the '296 Patent is invalid.

## COUNTERCLAIM III
### (Declaratory Judgment of License)

17. The Amended Complaint identifies only a single Accused Product, the eN-Touch 1000 terminal.

18. Plaintiff is aware of no other allegedly infringing payment terminals sold or offered for sale by NCR.

19. The eN-Touch 1000 terminal is manufactured by Ingenico and provided to NCR for resale by NCR to its customers.

20. The sale and offer for sale of Ingenico's eN-Touch 1000 terminal by NCR is permitted by Plaintiff's license grant under the '296 Patent to Ingenico.

## RESERVATION OF RIGHTS

NCR reserves any and all rights to amend its Counterclaims to Swipe's Complaint and to add additional claims as they become apparent.

## EXCEPTIONAL CASE

To the extent this is an exceptional case under 35 U.S.C. § 285, NCR is entitled to recovery from Swipe of NCR's attorneys' fees and costs incurred in connection with this action.

# PRAYER FOR RELIEF

WHEREFORE, NCR requests judgment in its favor and against Plaintiff as follows:

(i) Plaintiff recovers nothing and its Complaint be dismissed with prejudice;

(ii) The Court deny any injunctive relief in favor of Plaintiff and against NCR;

(iii) The Court declare that NCR has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any claim of the '296 Patent;

(iv) The Court declare and order that the '256 Patent is invalid;

(v) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award NCR its reasonable attorney fees in this action;

(vi) All costs be taxed against Plaintiff; and

(vii) NCR be granted such other and further relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

NCR hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Procedure on all issues so triable.

Dated: December 10, 2013    By: */s/ Wesley C. Achey*
　　　　　　　　　　　　　　　Wesley C. Achey (Georgia Bar No. 141284)
　　　　　　　　　　　　　　　wes.achey@alston.com
　　　　　　　　　　　　　　　Kamran Jivani (Georgia Bar No. 510908)
　　　　　　　　　　　　　　　kamran.jivani@alston.com
　　　　　　　　　　　　　　　ALSTON & BIRD LLP
　　　　　　　　　　　　　　　One Atlantic Center
　　　　　　　　　　　　　　　1201 West Peachtree Street
　　　　　　　　　　　　　　　Atlanta, GA  30309-3424
　　　　　　　　　　　　　　　Phone:  404-881-7000
　　　　　　　　　　　　　　　Fax:  404-881-7777


　　　　　　　　　　　　　　　***Attorneys for Defendant***
　　　　　　　　　　　　　　　***NCR Corporation,***


## CERTIFICATE OF SERVICE

　　　The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(A), NDGa.  As such, this motion was served on this the 10th day of December, 2013 on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(A)(3), NDGa.


　　　　　　　　　　　　　　By: */s/ Wesley C. Achey*
　　　　　　　　　　　　　　　　Wesley C. Achey